## Ruffennach et al., Appellants, *v.* The Peoples Trust Company.

Argued March 28, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Frank J. Scott,* with him *Crawford Scott* and *Chauncey Lobingier,* for appellants.

*E. B. Strassburger*, with him *J. Frank McKenna*, of *Strassburger & McKenna*, for appellee.

OPINION BY MR. JUSTICE KEPHART, May 13, 1935:

There is no principle of law involved in this case, and the facts are of interest only to the parties. The questions involved have been stated: Did the court below correctly interpret the written agreement? Were appellants entitled to the assets in the liquidation account at the expiration of the liquidation period? Were they entitled to purchase any or all of the securities in the account at the expiration of the liquidation period at the fair market values placed thereon by defendant? All of these questions must be determined by an examination of the contract.

In 1930 the All Nations Deposit Bank of Pittsburgh was in serious financial difficulty, and was threatened with closure by the state banking department. An effort was made by the department "to find a home" for the bank by having a stronger bank take it over; it was represented that the good and collectible assets of the All Nations Bank were in excess of its liabilities. With this inducement, among others, the Peoples Trust Company finally agreed to take over the institution and because of the great pressure on the bank it was necessary that the agreement be hurriedly drawn and ratified as soon as possible. A liquidating committee was appointed, whose function was to complete the liquidation of the assets of the bank. The Peoples Trust Company assumed and paid deposits and other liabilities of the bank of over $2,000,000. It developed at the trial that the capital stock of the bank was badly impaired, and that at the time the bank was taken over the apparent excess of assets over liabilities was only $27,000. It is rather remarkable having such a small margin of safety that the Peoples Trust Company was able to pay all the liabilities of the All Nations Bank.

By the terms of the agreement the assets of the bank taken over by the trust company were divided by the latter into two groups, the "liquidating account" and the "general account." The liquidating committee contends that the trust company was required under the agreement to return to it those assets of the bank in the "liquidating account." It also claims the right to purchase as it chooses such of the assets held by the trust company in the "general account" set up to meet the liabilities of the bank, at the prices placed on them by the trust company; arguing that the trust company will suffer no loss if it is now required to go through with this transaction. This argument is made by using the valuation placed on the bank's assets at the time it was taken over in 1930; the account filed by the trust company shows that even if it retains the assets of both accounts, it will suffer a loss of over $47,000, at the present market prices of the securities still retained. The accuracy of the account is undisputed.

It would serve no useful purpose to extend in detail the evidence or reasoning of the court below in the interpretation of the agreement. When the sole question is the proper interpretation of an agreement and the court below construes it in the light of its language, the surrounding circumstances and the intent of the parties, and where no ambiguity appears, this court will not disturb such interpretation as controlling the rights and obligations of the parties unless the parties have by their acts interpreted the agreement differently. Our examination of the record shows this last was not done.

Judgment affirmed.